UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, EXECUTIVE DIRECTOR of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>LM HEAVY CIVIL CONSTRUCTION, LLC and AKHTAR ALI KHAN/KHAWAJA,<br><br>Defendants. | C.A. No.: |

# COMPLAINT

## Count I
(Withdrawal Liability)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., as amended by the Multiemployer Pension Plan Amendments Act, 29 U.S.C. § 1381 et. seq., brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3. Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Pension Fund is a "multiemployer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of

ERISA, 29 U.S.C. § 1002(3).  The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, MA 01803.

4. At all material times, LM Heavy Civil Construction, LLC ("LM Heavy") is a Massachusetts company with a principal place of business at 100 Hancock Street, Quincy, MA.

5. Defendant LM Heavy has been an "employer" within the meaning of ERISA § 3(5) 29 U.S.C. § 1002(5) and is an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

6. Teamsters Local Union No. 25 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

7. At all material times, Defendant LM Heavy was obligated by the terms of one or more collective bargaining agreements between it and Teamsters Local Union No. 25, and by the terms of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") to make contributions on behalf of certain employees to the Pension Fund.

8. On or about March 1, 2018, Defendant LM Heavy permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

9. By letter dated March 22, 2021, the Pension Fund notified Defendant LM Heavy that it had withdrawn and demanded payment of Defendant LM Heavy's proportionate share of the Pension Fund's unfunded vested benefit liability.

10. In demanding payment of Defendant LM Heavy's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $394,080 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on May 22, 2021.

11. Defendant LM Heavy has failed to make any withdrawal liability payments to the Pension Fund.

12. Defendant LM Heavy has not initiated timely arbitration of any dispute concerning the Pension Fund's demand.

13. By letter dated July 28, 2021, the Pension Fund notified Defendant LM Heavy that it had defaulted in its payment of withdrawal liability and in accordance with ERISA Section 4219(c)(5)(A), it is required to pay the outstanding amount of its withdrawal liability in full.

14. Defendant LM Heavy owes the full amount of the withdrawal liability.

15. The Trust Agreement and the Pension Fund's Rules and Regulations provide that interest, liquidated damages, attorneys' fees and costs must be paid on delinquent payments of withdrawal liability.

WHEREFORE, Plaintiff demands that judgment enter against Defendant LM Heavy Civil Construction, LLC in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. Withdrawal liability in the amount of $394,080;

    b. Interest on the delinquent monthly payment of withdrawal liability from the date the first payment was due;

    c. Liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. All costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## Count II
(Failure to Answer Withdrawal Liability Questionnaire)

16. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1-15 of this Complaint.

17. On August 11, 2021, Plaintiff sent Defendant Akhtar Ali Khan/Khawaja a Withdrawal Liability Questionnaire pursuant to ERISA § 4219(a), 29 U.S.C. § 1399(a).

18. Responses to the Questionnaire were due within thirty (30) days of August 11, 2021.

19. As of this date, Defendant Akhtar Ali Khan/Khawaja has not submitted responses to the Withdrawal Liability Questionnaire.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Akhtar Ali Khan/Khawaja in accordance with ERISA § 4301(a)(1), 29 U.S.C. § 1442(a)(1):

a. Ordering Defendant Akhtar Ali Khan/Khawaja to respond to the Plaintiff's Withdrawal Liability Questionnaire;

b. Awarding the Pension Fund all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

c. Awarding such other, further and different relief as may be just and proper.

Dated: March 24, 2022

Respectfully submitted,

Melissa A. Brennan, Esq.
BBO # 669489
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
mab@fdb-law.com

/s/ Melissa A. Brennan
Attorney for Plaintiff,
Edward F. Groden, Exec. Director

## **CERTIFICATE OF SERVICE**

      I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Office of the Treasurer, the Department of Labor and the Pension Benefit Guaranty Corporation.

Dated:  March 24, 2022                                                                 /s/ Melissa A. Brennan
                                                                                          Melissa A. Brennan, Esq.